**In re ADKINS.**

[Cite as *In re Adkins* (1996), 109 Ohio App.3d 518.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69187.

Decided Feb. 26, 1996.

*Buskirk & Associates, P.C.,* and *Bruce A. Buskirk,* for appellee.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Patrick J. Lavelle,* Assistant Prosecuting Attorney, for appellant.

JAMES D. SWEENEY, Judge.

Appellant Lora Adkins appeals from the trial court's decision granting the motion to vacate of the appellee Donald Kibbles. The issue on appeal is the determination by the trial court that the appellee need not pay child support for the minor child of the appellant.

The appellant and the appellee met in 1981, and subsequently lived together. On May 31, 1983, a child was born to the appellant. At the time of the birth, the appellee was informed that he was probably not the father of the child. Nonetheless, the appellee filed an application with the Cuyahoga County Court of Common Pleas, Probate Division. The application, which was heard and granted on September 12, 1983, requested that the court determine the appellee to be the natural father in order to legitimate the child. The appellee claims this was done so that the child could receive health care under the appellee's health insurance. On May 18, 1984, the appellant and the appellee married.

On June 5, 1986, a dissolution of marriage was granted to the parties. The judgment entry of the court of common pleas, domestic relations division, stated that no children were born as issue of the marriage.

On November 19, 1992, the appellant filed a petition for child support. This petition was dismissed for want of prosecution. The petition was refiled under the Interstate Family Support Act of the State of Texas, and the appellee was served with the petition on November 11, 1994. On January 11, 1995, the 247th

Judicial District Court, in Harris County, Texas, ordered the appellee to pay $140 per month child support and ordered the appellee pay an additional $25 per month toward an arrearage of $560.

On February 28, 1995, the appellee filed an appeal of the order legitimating the child and establishing natural fatherhood. The application was properly treated as a motion to vacate. The court granted the appellee's motion requesting a paternity test. Upon a finding by the laboratory that the appellee was excluded as the biological father of the child, the court granted the appellee's motion to vacate. It is from this order that the appellant filed her appeal.

The appellant sets forth one assignment of error:

"It was an error of law when the trial court granted appellee's motion to vacate and vacated the journal entry of September 12, 1983 finding that Don R. Kibbles is the father of Cynthia Elizabeth Adkins."

The appellant argues that based upon *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 637 N.E.2d 914, the trial court erred as a matter of law when it granted the appellee's motion to vacate. The appellee asserts that the time limitations outlined in Civ.R. 60(B)(4), (5) have been met and that the trial court committed no error when it granted his motion.

The Supreme Court in *Strack* decided the issues raised by the appellant in the case *sub judice*. In 1977, at the time Strack and Pelton were divorced, Pelton was pregnant. Strack contended that it was not his child, but the court ordered child support, since the blood tests did not exclude him as the father. Nine years later, Strack filed a motion for a human leukocyte antigen genetic test ("HLA"). The results excluded Strack as the father of the child. In 1990, Strack filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied the motion and both the appellate court and the Supreme Court affirmed the trial court's decision.

The court set forth the following test for determining a motion for relief from judgment:

"In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate the following:

" '(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.' *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met. *Id.* at 151, 1 O.O.3d at 88, 351 N.E.2d at 116. The standard by which we review a decision on a Civ.R. 60(B) motion is abuse of discretion. See *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566." *Strack, supra,* 70 Ohio St.3d at 174, 637 N.E.2d at 915.

Strack argued that he had a meritorious defense because the HLA test disqualified him as the father and the test results were admissible as evidence. He argued that he was entitled to relief under one of the provisions of Civ.R. 60(B)(1) through (5) because he presented new evidence under Civ.R. 60(B)(2).

The Supreme Court held that the test results were newly discovered evidence under the specific provisions of Civ.R. 60(B)(2). The court determined that the less specific catchall provision, Civ.R. 60(B)(5), did not apply, and that Civ.R. 60(B)(4) did not apply for similar reasons. The court went on to note that a Civ.R. 60(B)(2) motion must be made not more than one year after judgment and that Strack's motion, filed nine years after judgment, was far outside this time limitation. The court stated that even if the rules were loosely applied the paternity evidence became admissible in 1982.

In the case *sub judice,* the appellee affirmatively sought to have paternity declared in 1983. Since the parties were not married until 1984, it is no wonder that the 1986 dissolution does not mention children born as issue of the marriage. However, the appellee could not possibly have believed that a dissolution granted by the domestic relations court that made no mention of a child would somehow have obliterated or invalidated a declaration of paternity issued by the probate court in 1983. The appellee failed to file his motion for relief of the declaration of paternity until 1995, clearly outside the one-year time limitation set forth in *Strack.*

Although this decision causes some concern, this court is bound by the doctrine of *stare decisis.* Turning once more to the *Strack* decision, the court set forth its reasons for refusing to apply scientific facts:

"We are not unaware that our decision in effect declares as static a state of facts that reliable scientific evidence contradicts. Nonetheless, there are compelling reasons that support such a decision. A claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection. In *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144–145, 24 OBR 362, 364, 493 N.E.2d 1353, 1356, this court declared, '[F]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values.'

Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child." *Id.*, 70 Ohio St.3d at 175, 637 N.E.2d at 916.

These reasons are equally applicable here. The appellant's assignment of error is well taken.

*Judgment reversed
and cause remanded.*

PATTON, P.J., concurs.

MATIA, J., dissents.

DAVID T. MATIA, Judge, dissenting.

I respectfully dissent from the majority's judgment in this appeal. Not only do I find the facts in this case distinguishable from those in *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 637 N.E.2d 914, but also I believe the majority's judgment contravenes the intent and/or purpose of Civ.R. 60.

In *Strack* the couple was divorced in 1978. Although the father had argued that he was not the biological father of the child, the divorce decree ordered the father to pay child support. *Id.* at 173, 637 N.E.2d at 915. In 1987, the father filed a motion for genetic testing. The results of the test excluded the father as the biological father. On January 22, 1990, the father filed a Civ.R. 60(B) motion regarding the issue of child support.

Since the father had been contesting paternity since before the time of the divorce decree, the court imputed knowledge of the newly developed technology supporting his claim to 1982 (when genetic testing became admissible to determine paternity). *Id.* at 175, 637 N.E.2d at 916. Since the father filed his motion in 1987, the motion was untimely.

In this case the trial court noted that the dissolution decree held that no children were born as issue to the marriage. Importantly, the appellee was not ordered to pay child support at the time of the divorce. Thus, unlike the facts in *Strack*, appellee did not know that paternity was an issue until he was served with the petition for child support on November 11, 1994. Appellee then filed his motion to vacate on February 28, 1995.

It is well established that Civ.R. 60(B) is a remedial rule and should be construed liberally. See *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605; *In re Dissolution of Marriage of Watson* (1983), 13 Ohio App.3d 344, 13 OBR 424, 469 N.E.2d 876. Moreover, the Ohio Supreme Court has maintained that the purpose of Civ.R. 60 is to afford "relief in the interest of justice." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 688, 23 O.O.3d 551, 553, 433

N.E.2d 612, 615; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879.

In the case *sub judice,* I do not believe that requiring child support payments from a man who is proven not to be the father of the child is in the best interest of justice. Nor do I think the majority's judgment will enhance public confidence in the judicial system. Rather, the majority's judgment ignores the fact that appellee did not know, and had no reason to believe, that paternity was an issue until he was served with a petition for child support. Accordingly the majority renders a decision I believe to be unjust.

Considering the underlying purpose of Civ.R. 60, the unique facts and circumstances surrounding this case and the fact that the trial court specifically stated that the divorce decree held that no children were born as issue of marriage, I cannot find that the trial court abused its discretion in granting appellee's motion to vacate. For these reasons I respectfully dissent.