KAY B., Appellee,

v.

TIMOTHY C., Appellant.

[Cite as *Kay B. v. Timothy C.* (1997), 117 Ohio App.3d 598.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–95–118.

Decided Jan. 24, 1997.

*John F. Potts*, for appellant.

*Douglas K. Jordan*, for appellee.

MELVIN L. RESNICK, Presiding Judge.

This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas, Juvenile Division, which denied appellant's motion for

relief from judgment made pursuant to Civ.R. 60(B). Appellant, Timothy C., appeals that judgment and sets forth the following assignment of error:

"It constituted error to deny the motion to vacate without conducting an evidentiary hearing."

On April 16, 1981, appellee, Kay T., filed a complaint in which she asserted that appellant was the natural father of her daughter Melissa, born June 23, 1980.

In August 1981, a judgment entry reflecting the agreement of the parties was entered. According to the judgment, appellant admitted in open court that he was the natural father of Melissa and agreed to pay $20 per week in child support. Appellee agreed to allow appellant a right of reasonable visitation with Melissa.

In the ensuing years, the amount of appellant's child support obligation was modified in accordance with the child support guidelines. In addition, several show cause motions were filed by the Wood County Bureau of Child Support. The most recent show cause motion alleged that appellant was in arrears in the amount of approximately $3,700.

On September 28, 1994, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). According to appellant's affidavit filed in support of the motion, he recently learned that appellee told other persons that he was not Melissa's father. Appellant's motion was *expressly* based on a request to vacate the August 1981 judgment "due to newly discovered evidence." Appellant also filed a motion in which he requested that, in order to determine paternity, all parties be required to submit to genetic blood tests.

On October 12, 1994, the trial court denied appellant's motion to vacate. The court did, however, grant appellant's motion for genetic blood tests. The results of those tests revealed a zero percent chance that appellant was Melissa's father.

On February 3, 1995, appellant filed another motion for relief from judgment, contending that the results of the genetic blood tests excluded him from being the father of Melissa and requesting a lump sum judgment in the amount of child support paid to date. A certified copy of the genetic blood test results was attached to the motion.

Appellee filed a motion for summary judgment in which she argued that appellant's claim was barred by the doctrine of *res judicata*. She maintained that the issue of paternity was determined, by agreement of the parties and as incorporated in a court order, in 1981. Therefore, appellant could not seek to relitigate this issue.

On April 28, 1995, a hearing was held before a magistrate, on a motion for show cause filed by appellee and on appellant's Civ.R. 60(B) motion. In his findings of

fact and conclusions of law, the magistrate determined that a collateral attack, such as a Civ.R. 60(B) motion, on a judgment of paternity is an exception to the doctrine of *res judicata.* The magistrate recommended that appellant receive a hearing on his motion.

After appellee filed objections to the magistrate's report and recommendations, a hearing was held before the trial court. It appears from appellee's objections that she did not question the timeliness or the merits of appellant's February 3, 1995 motion for relief from judgment. However, no transcript of the hearing on the objections was ordered for the purpose of this appeal.

On November 30, 1995, the trial court denied appellant's Civ.R. 60(B) motion "for the reason that a Civil R. 60(B) Motion needs to be brought within one year of judgment, and for the reason that this Court previously denied said motion."

Appellant asserts, in his sole assignment of error, that the trial court was required to hold a hearing on his motion. Initially, appellant argues that the trial court erred in finding that a Civ.R. 60(B) motion must be brought within one year after judgment under all circumstances. He further contends that the trial court erred in finding that its denial of the September 28, 1994 Civ.R. 60(B)(2) motion constituted a bar to a successive Civ.R. 60(B) motion.

Civ.R. 60 provides, in pertinent part:

"(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

The rule states that a motion for relief from judgment must be filed within a reasonable time after judgment is entered. For motions brought pursuant to Civ.R. 60(B)(1), (2) or (3), the time period is limited to one year after judgment; Civ.R. 60(B)(4) and (5) motions are not limited by a specific period of time.

The question of whether a motion for relief from judgment should be granted is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915–916; *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123–1124. The phrase "abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court in reaching its judgment. *Cerney v. Norfolk & W. Ry. Co.* (1995), 104 Ohio App.3d 482, 491, 662 N.E.2d 827, 832–833; *Quebodeaux v. Quebodeaux* (1995), 102 Ohio App.3d 502, 505, 657 N.E.2d 539, 541. When applying this standard of review, we may not freely substitute our judgment for that of the lower court. *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181, 1183–1185.

When a motion for relief from judgment and supporting affidavit contain allegations of operative fact which would warrant relief, a trial court abuses its discretion in failing to hold an evidentiary hearing. *Kay v. Glassman* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102, 1104. Finally, a successive motion for relief from judgment is not barred by the doctrine of *res judicata* if the subsequent motion is based on different facts, asserts different grounds for relief, or it is not certain the issue raised in the subsequent motion could have been raised in the prior motion. *McCann v. Lakewood* (1994), 95 Ohio App.3d 226, 236–237, 642 N.E.2d 48, 54–55. See, also, *Cerney v. Norfolk & W. Ry. Co.*, 104 Ohio App.3d at 494, 662 N.E.2d at 834–835.

A reading of the trial court's judgment in the instant case discloses that the court viewed appellant's February 3, 1995 motion for relief from judgment as being based on the same grounds as his September 28, 1994 motion to vacate, which was expressly based on newly discovered evidence and was, therefore, made pursuant to Civ.R. 60(B)(2). If this is true, not only was the trial court correct in finding that the second motion was barred by the doctrine of *res judicata*, but also properly found that appellant's motion was untimely. If so, the juvenile court did not abuse its discretion in failing to hold a hearing on appellant's February 3, 1995 motion.

Appellant's first motion was specifically based on Civ.R. 60(B)(2), the ground of newly discovered evidence. His second motion is based solely upon the results of a human leukocyte antigen ("HLA") genetic blood test that eliminated appellant as the father of Melissa. In *Strack v. Pelton,* 70 Ohio St.3d at 174, 637 N.E.2d at 915–916, the Ohio Supreme Court held that a Civ.R. 60(B) motion based on the results of an HLA genetic test fell under Civ.R. 60(B)(2), newly discovered evidence. Therefore, in the instant case, the ground for both Civ.R. 60(B) motions was identical and the court did not err in finding, in essence, that

its denial of the first motion precluded a consideration of appellant's second motion for relief from judgment.

■ Moreover, assuming appellant's second Civ.R. 60(B) motion was not barred, the juvenile court did not err in finding that this second motion was not timely filed. The time limitation on the filing of a Civ.R. 60(B)(2) motion is one year after the entry of final judgment. In *Strack,* the Ohio Supreme Court refused to allow an expansive reading of this requirement in a parentage action. Rather, the *Strack* court held:

"We are not unaware that our decision in effect declares as static a state of facts that reliable scientific evidence contradicts. Nonetheless, there are compelling reasons that support such a decision. A claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection. In *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144–145, 24 OBR 362, 364, 493 N.E.2d 1353, 1356, this court declared, '[f]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values.' Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child." *Id.* at 175, 637 N.E.2d at 916.

In the present case, and as previously stated, appellant's February 3, 1995 motion is predicated *solely* on the results of HLA tests, newly discovered evidence. Therefore, we are compelled, albeit reluctantly, to follow the doctrine of *stare decisis* and find that, under *Strack,*[1] appellant's Civ.R. 60(B)(2) motion is untimely. Accord *In re Adkins* (1996), 109 Ohio App.3d 518, 672 N.E.2d 715; *Gosink v. Hamm* (1996), 111 Ohio App.3d 495, 676 N.E.2d 604; *Boyd v. Sanders* (Apr. 10, 1996), Hamilton App. No. C–950355, unreported, 1996 WL 164104. See, also, the following cases applying the principle enunciated in *Strack* to a Civ.R. 60(B)(3) motion (fraud *inter partes*) to vacate a paternity judgment: *Still v. Still* (June 25, 1996), Gallia App. No. 95CA15, unreported, 1996 WL 362259; *Kleemeyer v. Hummel* (May 6, 1996), Brown App. No. CA95–10–017, unreported, 1996 WL 227381; *Lewis v. Blair* (1996), 110 Ohio App.3d 342, 674 N.E.2d 402. See, also, *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 15, 5 OBR 73, 76, 448 N.E.2d 809, 811–812 (*inter partes* fraud left to a Civ.R. 60[B][3] motion or independent action). Accordingly, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment without a hearing.

Appellant's sole assignment of error is found not well taken.

---

1. The cases cited by appellant in his brief as support for his position were decided prior to *Strack.*

The judgment of the Wood County Common Pleas court, Juvenile Division, is affirmed. Appellant is ordered to pay the costs, as defined in App.R. 24, of this appeal.

*Judgment affirmed.*

KNEPPER, J., concurs.

PETER M. HANDWORK, J., dissents.

PETER M. HANDWORK, Judge, dissenting.

I dissent from the majority because I believe this case is distinguishable on its facts from *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 637 N.E.2d 914, and that appellant's Civ.R. 60(B) motion was timely in this case. Accordingly, I believe he was entitled to a hearing on his motion.

In *Strack v. Pelton,* the Supreme Court noted that the party seeking relief through Civ.R. 60(B) was married to the child's mother at the time the child was conceived, but that he contested his paternity from the outset because he had not engaged in sexual relations with his wife for a year. *Id.* at 172–173, 637 N.E.2d at 915. He requested and received paternity tests as part of divorce proceedings from the child's mother, but the tests were not accurate enough to show that he was not the child's father; therefore, the presumption in law that a husband is the father of his wife's child took effect and he was ruled the child's father. More exact blood tests became available to determine paternity in 1982; however, the "father" in *Strack v. Pelton* did not file a Civ.R. 60(B) motion on the basis of the results of the new blood tests until 1987. The Supreme Court of Ohio stated: "Because *Strack* asserts that he has contested paternity of the minor child from before the time of the divorce decree, we may impute to him the knowledge of the newly developed technology to support his claim." *Id.* at 175, 637 N.E.2d at 916. The Supreme Court then found that his motion for relief was not timely because he should have filed the motion within one year from the date the new blood testing became admissible, 1982, rather than one year from the date he received the results of the blood test.

In the case before this court, appellant did not contest his paternity from the outset, and no facts are presented to show that he had cause to question whether he was the child's father. When he learned through others that the child's mother was making statements that he was not the father, he took immediate action by filing a Civ.R. 60(B) motion and a request for blood tests. When the trial court denied the Civ.R. 60(B) motion but granted the request for blood tests, it invited appellant to get the new evidence he needed and to return with a second Civ.R. 60(B) motion.

While I must accept the ruling of the majority of the Supreme Court of Ohio that a Civ.R. 60(B) motion based upon blood test results is of necessity a motion that falls under Civ.R. 60(B)(2) (newly discovered evidence), I still conclude that appellant's motion in this case was timely. Furthermore, the statements of the majority in this case that appellant's two Civ.R. 60(B) motions in this case were presented on the same grounds is erroneous: his first motion was based upon his affidavit that he had just received information that made him question his paternity; his second motion was based upon blood test results that demonstrate that appellant is not the child's father.

I feel compelled to indicate my personal frustration with the judicial process when it, on occasion, glorifies form over substance and consequently justice is not done. Clearly that has happened in this case. Appellant presented evidence in his second Civ.R. 60(B) motion which to him was newly discovered, and unlike the "father" in *Strack*, appellant had no reason to seek the new evidence until he learned, several years after the original judgment, that he might not be the father. Further, the trial court granted him the opportunity to find this evidence; when he did and asked for the court's help to right an injustice, he was told, wrong section, too late, go home. In my judgment, this fact scenario screams out for the court to have said either this evidence *is* newly discovered because from the date you had reason to believe you were not the father you were diligent or the motion will be judicially construed to request relief under Civ.R. 60(B)(4) (see *Strack v. Pelton*, 70 Ohio St.3d at 175–176, 637 N.E.2d at 916–917, Pfeifer, J., dissenting) in that it is no longer equitable for this judgment to be applied prospectively. To do otherwise undermines the mission of a judicial system that is required to do justice between the parties. I believe that under the unique facts of this case, appellant was entitled to a hearing on his motion, and is entitled to prospective, equitable relief.

Even though the ruling of the majority forecloses appellant from obtaining any relief through a Civ.R. 60(B) motion, I agree with the Twelfth District Court of Appeals' statement:

"[U]nder certain circumstances an obligor's discovery of nonpaternity may constitute a change of circumstances justifying modification of a previous child support order. This may be so even where the obligor may no longer seek relief from the paternity judgment itself under Civ.R. 60(B)." *Emery v. Emery* (1995), 101 Ohio App.3d 559, 561, 656 N.E.2d 5, 7.

The situation in this case is a circumstance where an obligor's discovery of nonpaternity constitutes a change in circumstance that warrants a prospective modification of his support order. However, equity does not permit a retroactive challenge to a support obligation, and appellant is not entitled to the relief he

requested in this case: a lump sum judgment for the support payments he has already paid. See *id.* at 562, 656 N.E.2d at 7.