DECISION AND JUDGMENT ENTRY
This case is before us on appeal from the Lucas County Domestic Relations Court, which denied appellant's motions for relief from judgment and his motions for summary judgment. For the reasons that follow, we affirm.
The facts pertinent to this appeal are as follows. Appellant Robbin L. Fritz and appellee C. Elaine Sherman were divorced in the Lucas County Domestic Relations Court in 1985. The judgment entry of divorce ordered appellant to pay child support for the parties' two minor children in the amount of $50 per week, per child, plus poundage. Subsequently, appellant moved to Florida and appellee moved to Wood County, Ohio. The Lucas County Domestic Relations Court transferred jurisdiction to Wood County Domestic Relations Court.
In 1988, appellee filed a petition for an order under the Uniform Reciprocal Enforcement of Support Act ("URESA"), pursuant to former R.C. Chapter 3115. Ohio, as the initiating state, forwarded the petition on to appellant's county of residence, Palm Beach County, Florida, which, under the URESA scheme, became the responding state. The Florida court issued an "agreed order" enforcing the 1985 Lucas County Domestic Relations Court child support order. The Florida order conformed to the Lucas County Domestic Relations Court order; it did not modify the Lucas County order in any way, though it ordered appellant to make payments toward arrearages. Also in 1988, appellee relocated with the parties' children to Pennsylvania, and the Wood County Domestic Relations Court transferred the case back to the Lucas County Domestic Relations Court.
In 1990, appellee sought in the Lucas County Domestic Relations Court an upward modification of the 1985 child support order. The Lucas County Domestic Relations Court ordered a modification, increasing appellant's child support obligation to $167.40 per week, plus arrearages, plus poundage. Then, in 1998, appellee sought another URESA enforcement order from the Broward County, Florida court (appellant's county of residence). Again, the Florida court issued an enforcement order conforming to the 1990 Lucas County Domestic Relations Court order; it did not modify the Lucas County order in any way.
In March 2000, appellant filed two motions for relief from judgment. In these motions, appellant sought relief from: (1) the 1990 Lucas County Domestic Relations Court judgment modifying the child support amount; and (2) the 1998 Broward County order conforming to the 1990 Lucas County Domestic Relations Court order. Subsequently, appellant moved for summary judgment on both motions. In a judgment entry filed September 11, 2000, the trial court denied all of appellant's motions. Appellant now appeals, setting forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE JUDGMENT ENTRY ON MOTIONS FOR SUMMARY JUDGMENT AND RELIEF FROM JUDGMENT WAS MADE CONTRARY TO LAW AND CONSTITUTED AN ABUSE OF DISCRETION."
A reviewing court will not reverse a trial court's decision on a motion for relief from judgment unless the trial court abused its discretion. See GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 148; In the Matter of: Kay B. v. Timothy C. (1997),117 Ohio App.3d 598, 602. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. As to appellant's summary judgment motions, we review the trial court's ruling on those motions de novo. Conley-Slowinski v. Superior Spinning (1998),128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998),83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when the movant demonstrates:
 "* * * that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607, 617.
We review first the trial court's denial of appellant's motions for relief from judgment. According to the Supreme Court of Ohio:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE, 47 Ohio St.2d 146, at paragraph two of the syllabus.
Civ.R. 60(B) provides:
 "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
"* * *."
Appellant does not make clear in his motions the specific subsection of Civ.R. 60(B) on which he seeks relief. We will assume that appellant sought relief under Civ.R. 60(B)(5) — "any other reason justifying relief from the judgment." In such a case, appellant was required to file his motion for relief from judgment "within a reasonable time." Here, appellant sought relief in 2000 from a 1990 order and a 1998 order based on the 1990 order. We cannot say that the trial court abused its discretion in finding that appellant's motion for relief from a ten-year-old judgment was untimely.
Nevertheless, appellant claimed in his motions for relief from judgment that the Lucas County Domestic Relations Court did not have jurisdiction to order the 1990 modification as all parties to the action had moved from Ohio. According to appellant, once the Florida court first issued an enforcement order in 1988, the state of Ohio lost jurisdiction over the case. Judgments made without jurisdiction are void ab initio. Pattonv. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. A court's power to vacate a void judgment is not derived from Civ.R. 60(B); it is an inherent power of all Ohio courts. Id. at paragraph four of the syllabus. Accordingly, if appellant is correct that the trial court lacked jurisdiction in 1990, appellant would not be bound by the time limitations set out in Civ.R. 60(B). We therefore turn to appellant's jurisdictional argument.
A trial court rendering a divorce decree retains continuing jurisdiction over its orders. According to the Supreme Court of Ohio:
 "The court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties." Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2.
See, also, Civ.R. 75(J) ("The continuing jurisdiction of the court shall be invoked by motion filed in the original action * * *.") Under law enacted since the Lucas County Domestic Relations Court order in 1990, trial courts can lose their jurisdiction under certain circumstances, including where all parties move from the state. See the Full Faith and Credit for Child Support Enforcement Orders Act ("FFCCSOA"), Section 1738B(d), (f), Title 28, U.S. Code (effective in 1994); the Uniform Interstate Family Support Act ("UIFSA"), R.C. 3115.07 (effective in 1998). However, under the law as it existed in 1990, the former URESA law in Ohio, trial courts did not lose their jurisdiction under those circumstances. See former R.C. Chapter 3115. Moreover, the more current Ohio law expressed in the Ohio UIFSA and the federal FFCCSOA do not apply retroactively since neither piece of legislation contains an express intent of either the General Assembly or Congress that it apply retroactively. See State ex rel. Kilbane v. Indus. Comm. (2001),91 Ohio St.3d 258, 259 (in Ohio, the test for retroactivity "requires first a determination as to whether the General Assembly expressly intended the statute to apply retroactively. If no such intent is found, the analysis stops there * * *") (citations omitted); Immigrationand Naturalization Serv. v. St. Cyr (2001), 121 S.Ct. 2271, 2288 ("A statute may not be applied retroactively, however, absent a clear indication from Congress that it intended such a result.")
Since neither piece of legislation applies retroactively, and since under the law as it existed in 1990, the Lucas County Domestic Relations Court did not lose jurisdiction to Florida or any other court, the Lucas County Domestic Relations Court had jurisdiction to modify the 1985 support order. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for relief from the 1990 order of the Lucas County Domestic Relations Court and from the 1998 enforcement order conforming to the 1990 order. In addition, for the same reasons, appellant is not entitled to summary judgment on his motions.
Upon consideration whereof, substantial justice has been done the party complaining, and the judgment of the Lucas County Domestic Relations Court is affirmed. Appellant is to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Mark L. Pietrykowski, P.J.
Peter M. Handwork, J. and James R. Sherck, J. CONCUR.