DECISION.
Defendant-appellant the city of Cincinnati ("the City") appeals the judgment of the trial court denying its motion to vacate, pursuant to Civ.R. 60(B), an order requiring it to pay $92,504.68 to defendant-appellee RLE Construction. For the following reasons, we affirm the judgment of the trial court.
Upon review of the record, it appears that the City hired RLE Construction ("RLE") to complete public improvements to the Correyville Recreation Center. In order to make those improvements, RLE entered into a contract with Mound Steel Corporation, plaintiff-appellee, to purchase labor and materials for the project. RLE failed to pay Mound Steel because, RLE asserted, the City refused to release funds due to RLE for work on the recreation center. It is unclear from the record why the City refused to pay RLE its money at that time. Mound Steel filed a mechanic's lien, claiming that, of those funds owed to RLE and held by the City, $44,315 was money owed to Mound Steel. On December 6, 1999, Mound Steel filed suit against RLE and the City for the money owed to it.
After the City and RLE filed answers to the complaint, RLE moved, on September 1, 2000, to post bond in the amount of $66,468 to cover Mound Steel's claim and, in exchange, to allow the City to release the funds owed to RLE. A hearing for this motion was set for September 5, 2000, but the City and Mound Steel failed to appear. On September 5, 2000, the trial court ordered that RLE post bond in the specified amount and ordered the City to "release all contract funds and pay over to RLE the sum of $92,504.68." After the City received notice that RLE had posted bond, the City released all but $10,000 of the money owed to RLE. In an effort to collect the remaining amount, RLE filed a motion to enforce the September 5 order on November 28, 2000. In response, the City moved to have the September 5 order vacated pursuant to Civ.R. 60(B)(5). The trial court denied the motion, and this timely appeal followed.
In its sole assignment of error, the City asserts that the trial court erred in denying its motion to vacate the payment order. We disagree.
A reviewing court will not reverse a trial court's decision on a motion for relief from judgment unless the trial court has abused its discretion.[1] Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2] A party seeking relief from judgment pursuant to Civ.R. 60(B) must show (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed.[3]
The City argued in its motion for relief from judgment that it was entitled to relief under Civ.R. 60(B)(5), which provides, "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *." The City asserted that the amount ordered to be paid to RLE included interest on the principal sum owed to RLE in violation of R.C. 153.63. R.C. 153.63 governs payment from public owners to a contractor or other person performing work on a public improvement. While RLE's original motion seeking the funds owed to it by the City did include a request for interest on the principal amount owed, the trial court only ordered that the principal amount, $92,504.68, be paid to RLE. Accordingly, the City had no grounds for relief from the judgment for this reason. Furthermore, the City did not present any meritorious defense as to why it should not have been required to pay RLE the full amount ordered in the September 5 judgment entry. Notably, the City has already paid RLE $82,742.16 of the amount ordered without objection. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying the City's motion to vacate the September 5 order.
We note that, in RLE's response to the City's motion to vacate the September 5 order, RLE reviewed its financial records and discovered that there was an $8,000 credit in favor of the City; therefore, applying that credit to the amount owed to RLE, RLE determined that the only money still owed to it was $2,762.49. In the judgment entry denying the City's motion to vacate, the trial court modified the September 5 order to reflect that the City only owed RLE $2,762.49.
In sum, as the City did not present any meritorious defense as to why it should not have paid RLE the funds ordered, and as the September 5 order was modified to reflect the proper remaining amount owed to RLE, we conclude that the trial court did not abuse its discretion in denying the City's motion to vacate. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Hildebrandt, P.J, Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 148; 351 N.E.2d 113, 114; In the Matter of Kay B. v.Timothy C. (1997), 117 Ohio App.3d 598, 602, 690 N.E.2d 1366, 1368.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[3] Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389,391, 474 N.E.2d 328, 330.