[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant T.W. Smith Engine Company ("T.W. Smith") appeals the trial court's entry overruling its motion for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we affirm.
 {¶ 3} In 1999, T.W. Smith filed a complaint against defendant-appellee Rebecca Harmon seeking a return of funds paid to her. The court ordered the funds placed in escrow while the suit was pending. In December 2000, T.W. Smith filed for bankruptcy and in October 2001 the bankruptcy trustee abandoned the claim against Harmon due to its speculative nature. As a result, Harmon's counsel moved to dismiss with prejudice the claim against Harmon in the court of common pleas and sought release of the escrow funds. The trial court granted the motion and ordered that the case be dismissed and that the funds be released to Harmon. Three months later, T.W. Smith moved to set aside the dismissal and sought a return of the funds to escrow. Treating the motion as one for relief from judgment pursuant to Civ.R. 60(B), the trial court denied it. On appeal, T.W. Smith brings forth one assignment of error.
 {¶ 4} In its single assignment of error, T.W. Smith asserts that the trial court erred when it failed to notify it, through its counsel, of the decision dismissing the complaint against Harmon and ordering the release of the escrow funds. T.W. Smith also maintains that it, through its counsel, never received notice of the scheduled hearing for Harmon's motion to dismiss. Presumably, this alleged lack of notice of the hearing on the motion and the trial court's decision were the reasons that T.W. Smith failed to protect its rights and thus why it sought to have the dismissal vacated pursuant to Civ.R. 60(B).
 {¶ 5} A reviewing court will not reverse a trial court's decision on a motion for relief from judgment unless the trial court has abused its discretion.[1] Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2] A party seeking relief from judgment pursuant to Civ.R. 60 must show (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed.[3]
 {¶ 6} Initially, we discern that the only ground set forth in Civ.R. 60(B) that T.W. Smith could have invoked to seek relief was excusable neglect, i.e., it neglected to appear at the hearing because it did not receive notice of the hearing and failed to appeal the court's decision because it did not receive a copy of the decision from the clerk of courts.
 {¶ 7} We note that it was ultimately left to the discretion of the trial court to determine whether T.W. Smith had received notice of the hearing and the decision. The trial court had before it the affidavit of Harmon's counsel, who stated (1) that he had served a copy of the motion to dismiss on T.W. Smith's counsel of record; (2) that he had received the customary postcard notification of the hearing on the motion set for January 15, 2002; (3) that the Cincinnati Court Index indicated that there would be a hearing on January 15, 2002; (4) at the hearing, the court asked Harmon's counsel if he had served notice of the hearing on T.W. Smith, and counsel replied in the affirmative; and (5) that counsel had received a copy of the journalized entry by mail from the clerk of courts.
 {¶ 8} Although neither a notice of the hearing being sent to T.W. Smith, nor a notation that the clerk forwarded copies of the final decision to the parties appears on the trial court's docket, we note that there was evidence that one of the parties' counsel did receive notice from the clerk's office and a copy of the journalized decision. From this, it was reasonable to conclude that the other party must have also received notice of the hearing and a copy of the decision from the clerk of courts. Further, there was a certificate of service attached to the motion to dismiss that stated that Harmon's counsel had sent a copy of the motion to T.W. Smith by U.S. mail.
 {¶ 9} Under these circumstances, we cannot say that the trial court abused its discretion in determining that T.W. Smith's counsel received both notice of the hearing and a copy of the court's decision granting the dismissal and ordering the release of the escrow funds.
 {¶ 10} Because T.W. Smith was not entitled to relief under one of the grounds set forth in Civ.R. 60(B), we hold that the trial court did not abuse its discretion in denying T.W. Smith's motion to vacate. Accordingly, the first assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] See GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 148, 351 N.E.2d 113; In the Matter of Kay B. v.Timothy C. (1997), 117 Ohio App.3d 598, 602, 690 N.E.2d 1366.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[3] Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389,391, 474 N.E.2d 328.