JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, EquiCredit Corporation, appeals from the trial court's judgment denying its Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.
On September 29, 2000, defendants Mark and Amy Rose executed a "Home Equity Line of Credit Agreement" in favor of plaintiff-appellee Bank One. Under the terms of this agreement, Bank One extended a revolving line of credit to the Roses up to $30,000. As security for the loan, the Roses executed a second mortgage on their property at 7926 State Road in Cincinnati, Ohio ("the property"). This mortgage was recorded in the Hamilton County Recorder's office on October 23, 2000. The Roses had previously executed a first mortgage in favor of Town County Mortgage.
On February 28, 2001, the Roses executed a promissory note in favor of EquiCredit in the amount of $145,000. The proceeds from the promissory note were used to pay off mortgage liens to Town 
County and Bank One so that EquiCredit would have the first and best mortgage lien on the property. EquiCredit's mortgage lien was recorded in the Hamilton County Recorder's office on March 12, 2001. Although it was paid off, the Roses' revolving credit line with Bank One was not terminated. (There is no indication in the record that either EquiCredit or the Roses notified Bank One to terminate the credit line.) Thus, Bank One continued to extend credit to the Roses up to $30,000. Eventually the Roses defaulted on Bank One's credit loan.
On October 29, 2002, Bank One initiated a foreclosure action against the Roses' property and named EquiCredit as a defendant since it held a mortgage on the property. EquiCredit filed an answer, a cross-claim, and a counterclaim, asserting that Bank One's mortgage was inferior to the mortgage held by EquiCredit. The Roses never filed an answer, and, on March 3, 2003, Bank One moved for default judgment. Bank One submitted a proposed judgment entry to the trial court, which stated that EquiCredit's mortgage was junior in priority to Bank One's mortgage. Above the signature line for EquiCredit's counsel was written "submitted 2/24 — no objection received — interest protected."
The trial court entered the "Judgment and Decree in Foreclosure" on March 10, 2003, holding that Bank One had the first and best lien on the property. EquiCredit filed objections to that entry on March 13, 2003. The trial court never ruled on the objections, and on June 20, 2003, EquiCredit moved for relief from the "Judgment and Decree in Foreclosure" under Civ.R. 60(B). The trial court denied that motion without holding an evidentiary hearing.
In EquiCredit's only assignment of error, it asserts that the trial court erred in denying its motion to vacate the judgment holding that Bank One held the first and best mortgage on the property. EquiCredit maintains that its mortgage should have been given priority over Bank One's mortgage under the doctrine of equitable subrogation, and that the trial court was required to hold an evidentiary hearing on EquiCredit's motion.
An appellate court will not reverse a trial court's decision on a motion for relief from judgment unless the trial court has abused its discretion.[1] A party seeking relief from judgment under Civ.R. 60(B) must show (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in the rule; and (3) that the motion is timely filed.[2] All three of these requirements must be satisfied to obtain relief from judgment.[3]
We hold that EquiCredit failed to demonstrate that it had a meritorious defense to Bank One's foreclosure action. Based on the doctrine of equitable subrogation, EquiCredit argues that its mortgage should have been given priority because a portion of its loan proceeds paid off the Bank One balance existing at the time EquiCredit's loan originated. Equitable subrogation "arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid."[4] The doctrine of equitable subrogation is essentially a theory of unjust enrichment and can be used to overcome the statutory law in Ohio that a mortgage recorded first in time has priority.
Here, the record demonstrates that Bank One recorded its mortgage lien before EquiCredit recorded its lien. Thus, Bank One had the first and best lien on the property.[5] EquiCredit was aware of Bank One's lien on the property prior to releasing funds to the Roses. We have no doubt that EquiCredit expected Bank One to terminate the Roses' line of credit and release its mortgage lien on the property when the proceeds from EquiCredit's loan were used to pay off the remaining balance on the credit line. But this did not happen, and we cannot find fault with Bank One for continuing to allow the Roses access to their credit line. R.C. 1321.58, which governs open-end loans, provides that when a revolving credit account has no unpaid balance, the account can be terminated by written notice only.[6]
EquiCredit did not allege in its pleadings, nor did it present any evidence, that it had notified Bank One to terminate the Roses' revolving credit line, as it was required to do in order to have the first and best lien on the property. Bank One explained in its response to EquiCredit's motion for relief from judgment that it had not been notified by the Roses or EquiCredit to terminate the Roses' credit line, and that was why it allowed the Roses to have further access to the line of credit.
Because EquiCredit could have protected its own interests by ensuring that the credit line was terminated upon its payoff (by providing written notice to Bank One), the doctrine of equitable subrogation was not applicable here.[7] Accordingly, EquiCredit did not have a meritorious defense to present if relief from judgment had been granted.
EquiCredit also argues that the trial court should have held an evidentiary hearing on its motion for relief from judgment. We hold that the trial court did not abuse its discretion in denying EquiCredit's Civ.R. 60(B) motion without holding an evidentiary hearing.[8] "The Ohio Supreme Court has held that where a motion for relief from judgment and its supporting evidence contain operative facts that would warrant relief under Civ.R. 60(B), the trial court should grant an evidentiary hearing prior to ruling on the motion."[9] Here, EquiCredit did not present operative facts that would have warranted relief from judgment; i.e., that it had a meritorious defense to Bank One's foreclosure action. EquiCredit did not allege or present evidence that Bank One had been notified to terminate the Roses' line of credit, and, thus, could not argue that its lien should have been given priority under the doctrine of equitable subrogation.
Because we hold that the trial court did not abuse its discretion in denying EquiCredit's motion for relief from judgment, the single assignment of error is overruled. Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 148, 351 N.E.2d 113; In the Matter of Kay B.v. Timothy C. (1997), 117 Ohio App.3d 598, 602,690 N.E.2d 1366.
[2] Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
[3] See Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351,453 N.E.2d 648.
[4] Federal Union Life Ins. Co. v. Deitsch (1934),127 Ohio St. 505, 510, 189 N.E. 440.
[5] See R.C. 5301.23.
[6] See R.C. 1321.58(F).
[7] See Huntington Natl. Bank v. McCallister (Feb. 18, 1997), 12th Dist. No. CA96-07-144 (where it was lender's responsibility to ensure that credit line was closed before it loaned money, lender's decision to rely on incorrect and uninformed assumption that bank had terminated credit line did not entitle it to advance to first lien position, where it could have protected its own interest); Associates Financial Services Corp. v. Miller,
11th Dist. No. 2001-P-0046, 2002-Ohio-1610 (equitable subrogation not to be used to benefit parties who were in the best position to protect their own interests); Keybank Natl. Assn. v. GMACMtge. Corp., 10th Dist. No. 02AP-1293, 2003-Ohio-6651.
[8] See Kay v. Marc Glasserman, Inc., 76 Ohio St.3d 18,1996-Ohio-430, 665 N.E.2d 1102.
[9] Riverview Crossing, Inc. v. Striker-Griewe, 1st Dist. No. C-020530, 2003-Ohio-3823, at ¶ 8.