CERNEY, Appellant and Cross–Appellee,

v.

NORFOLK & WESTERN RAILWAY CO., et al., Appellees and Cross–Appellants.

[Cite as *Cerney v. Norfolk & W. Ry. Co.* (1995), 104 Ohio App.3d 482.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 67010, 67649.

Decided June 5, 1995.

484

*Spangenberg, Shibley, Traci, Lancione & Liber* and *Peter H. Weinberger;* *Steuer, Escovar & Berk Co., L.P.A.,* and *Thomas J. Escovar,* for appellant and cross-appellee.

*Gallagher, Sharp, Fulton & Norman, Forrest A. Norman* and *Jay Clinton Rice,* for appellees and cross-appellants.

SPELLACY, Presiding Judge.

In case No. 67010, Roosevelt Cerney appeals the dismissal with prejudice of his complaint brought under the Federal Employers' Liability Act ("FELA"). Cerney sought recovery for injuries received due to the alleged negligence of his employer, Norfolk & Western Railway Company and Norfolk Southern Corporation ("Norfolk").

In case No. 67649, Norfolk appeals the grant of Cerney's Civ.R. 60(B) motion vacating the dismissal of Cerney's complaint with prejudice. The case then was reinstated.

The two cases have been consolidated upon appeal.

Cerney assigns the following assignments of error for review:

"I. The trial court erred in granting defendant/appellees' motion for dismissal in C.P. Case No. 256351, as defendant/appellee was barred from claiming defense of limitation of actions by the doctrines of estoppel and/or waiver.

"II. The trial court erred in holding that the three-year limitation of actions set forth in the F.E.L.A. statute was not tolled by the filing of the original action."

Finding Cerney's appeal to lack merit, we affirm the judgment of the trial court.

## I

On August 9, 1988, Cerney was injured when he was thrown from a track sweeper which derailed. Cerney filed suit on August 8, 1990, pursuant to FELA,

Section 51 *et seq.*, Title 45, U.S.Code, alleging that his injuries were caused by Norfolk's negligence. FELA's statute of limitations provides that a suit must be commenced within three years from the day the cause of action accrued.

After numerous delays, the case was set for trial on August 11, 1992. Cerney's new counsel filed a motion for continuance. On August 4, 1992, a pretrial conference was held. The trial court refused to grant the motion for continuance because the case had been pending for two years and it was required by the rules of the Supreme Court to resolve personal injury cases within two years. The trial court then informed Cerney's counsel of the option of voluntarily dismissing the case without prejudice and refiling, if necessary, within one year. Cerney filed a notice of voluntary dismissal on August 10, 1992.

After a settlement agreement could not be reached, Cerney refiled his complaint on August 6, 1993. Norfolk filed a motion to dismiss, asserting that the complaint was filed outside the three-year statute of limitations provided for under FELA. Norfolk argued that Ohio's savings statute, R.C. 2305.19, did not apply pursuant to *Burnett v. New York Cent. Ry. Co.* (1965), 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941. In *Burnett*, the United States Supreme Court stated that the Ohio savings statute could not be used to extend FELA's statute of limitations. On December 22, 1993, Cerney filed a motion for declaratory judgment seeking to have the voluntary dismissal declared *void ab initio*. Cerney argued that the judgment was void because the voluntary dismissal was filed with the understanding that the matter could be refiled pursuant to the savings statute. Under *Burnett* such a refiling was not permitted and, therefore, the understanding upon which the dismissal was predicated was not possible.

On February 15, 1994, the trial court denied Cerney's motion for declaratory judgment and granted Norfolk's motion to dismiss with prejudice. Cerney appealed from this ruling.

On February 25, 1994, Cerney filed a motion for relief from judgment pursuant to Civ.R. 60(A) and (B). The trial court ruled Civ.R. 60(A) to be inapplicable as the dismissal was a result of an error of judgment by Cerney's counsel and not a clerical mistake in the judgment. The trial court granted the motion based on Civ.R. 60(B)(5). Norfolk appealed from the judgment entry.

## II

In his first assignment of error, Cerney contends that the trial court erred in dismissing the case with prejudice as Norfolk was barred from asserting the defense of the statute of limitations. Cerney maintains that Norfolk was equitably estopped from claiming the defense or had waived the issue. Cerney argues that Norfolk acquiesced to the voluntary dismissal as it raised no

objections at the final pretrial. Norfolk also consented to the journal entry dismissing the case.

The doctrine of equitable estoppel has been employed to bar reliance on the defense of statute of limitations. *Glus v. Brooklyn E. Dist. Terminal* (1959), 359 U.S. 231, 233, 79 S.Ct. 760, 762, 3 L.Ed.2d 770, 772. In *Atkins v. Union Pacific RR. Co.* (C.A.9, 1985), 753 F.2d 776, the court held:

"[E]quitable estoppel will not apply to a claim such as this one unless the plaintiff shows either (1) an affirmative statement that the statutory period to bring an action was larger than it actually was, (2) promises to make a better settlement of the claim if plaintiff did not bring the threatened suit, or (3) similar representations or conduct on the part of the defendants." *Id.* at 777.

The parties stipulated that Norfolk's attorney neither acquiesced in nor objected to the suggestion Cerney could dismiss his case and refile within one year. There is nothing in the record indicating that Norfolk was aware of the *Burnett* case prior to the dismissal. Cerney can point to no affirmative statement, representation, conduct, or promise on the part of Norfolk which induced him to voluntarily dismiss his case. Further, Norfolk could not consent to the judgment entry as the dismissal was effective at the point Cerney filed his notice of dismissal, not when the judgment was entered. Civ.R. 41(A)(1).

█ Cerney also argues that Norfolk waived the defense of the statute of limitations. Cerney never made this argument to the trial court. This court can review only those issues presented below. Because the issue was raised for the first time on appeal, this court declines to address it. *Garg v. Venkataraman* (1988), 54 Ohio App.3d 171, 173, 561 N.E.2d 1005, 1008–1009.

Cerney's first assignment of error lacks merit.

## III

█ In his second assignment of error, Cerney asserts that the trial court erred in holding the statute of limitations was not tolled by the filing of his original action. Cerney argues that *Burnett* does not apply, as the statements regarding the saving statutes are dicta and not the holding of the case.

The *Burnett* court pointed out that savings statutes allow a plaintiff a specified period of time in which to bring a second action after the first timely action is dismissed for procedural reasons. If Burnett's action had arisen under Ohio law, the savings statute would have been applicable. The court went to state:

"This does not mean that we can accept petitioner's argument that the federal limitation provision incorporates the Ohio Saving Statute. To allow the limitation provision to incorporate state saving statutes would produce nonuniform periods

of limitation in the several States. The scope of such statutes and the length of additional time they allow vary considerably from State to State. [Footnote omitted.] Moreover, not all States have saving statutes. [Footnote omitted.] This Court has long recognized that the FELA 'has a uniform operation, and neither is nor can be deflected therefrom by local statutes.' *Panama R. Co. v. Johnson*, 264 U.S. 375, 392, 44 S.Ct. 391, 396, 68 L.Ed. 748 [755]; *Second Employers' Liability Cases [Mondou v. New York, N.H. & H.R. Co.]*, 223 U.S. 1, 51, 55, 32 S.Ct. 169, 175, 177, 56 L.Ed. 327 [346–347, 348]. This Court has also specifically held that '[t]he period of time within which an action may be commenced is a material element in [a] uniformity of operation' which Congress would not wish 'to be destroyed by the varying provisions of the State statutes of limitation.' *Engel v. Davenport*, 271 U.S. 33, 39, 46 S.Ct. 410, 413, 70 L.Ed. 813 [817–818]. The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Id.*, 380 U.S. at 432–433, 85 S.Ct. at 1057, 13 L.Ed.2d at 948.

The specific language of the *Burnett* opinion does not allow the use of savings statutes to extend the time in which an action may be brought. The court quotes the holding of *Engel* to underscore the need for uniformity in the period of time in which suit can be brought. The *Burnett* court affirmatively rejected the use of saving statutes in FELA actions.

The trial court did not err by failing to toll the time by use of the saving statute in the instant case.

Cerney's second assignment of error is overruled.

The judgment in case No. 67010 is affirmed.

## IV

Norfolk appeals from the grant of Cerney's Civ.R. 60(B) motion for relief from judgment in case No. 67649. Norfolk raises the following assignments of error upon appeal:

"I. The trial court erred in granting plaintiff's motion for relief from judgment, vacating its order of dismissal, and reinstating this FELA action which plaintiff had voluntarily dismissed on August 10, 1992, on the grounds that reinstatement two years after judgment and six years after plaintiff's accident violates controlling federal law 45 U.S.C. § 56 and is prohibited by the United States Supreme Court decision of *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 [85 S.Ct. 1050, 13 L.Ed.2d 941] (1965).

"II. The trial court erred in applying Ohio Civil Rule 60(B)(5) as the basis for granting plaintiff's motion for relief from his voluntary dismissal of his own FELA action which was done in the mistaken belief that the Ohio savings statute

would permit refiling, on the grounds that (1) Rule 60(B)(5) cannot be used as a means of circumventing the one-year time limit for filing a motion for relief from judgment under Rule 60(B)(1); and (2) Rule 60(B)(5) is only to be used in an extraordinary and unusual case and certainly cannot be used where reinstatement of plaintiff's action is prohibited by federal law and United States Supreme Court precedent. *Caruso–Ciresi, Inc. v. Lohman,* 5 Ohio St.3d 64 [5 OBR 120, 448 N.E.2d 1365] (1983).

"III. The trial court erred in granting plaintiff's motion for relief from judgment, on the grounds that in order to prevail on a motion brought under Ohio Civil Rule 60(B), the movant must demonstrate that he has a meritorious claim to present if relief is granted and in this case the plaintiff presented absolutely no evidence in support of his claim against the railroad. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 [1 O.O.3d 86, 351 N.E.2d 113] (1976).

"IV. The trial court erred in granting plaintiff's motion for relief from judgment in Case No. 194859 and reinstating his complaint after the court had already granted defendant's motion to dismiss plaintiff's refiled FELA action in case No. 256351 in which plaintiff presented the same arguments and evidentiary materials, on the grounds that the doctrine of *res judicata* prohibits repeated challenges to a judgment entry. *Brick Processors, Inc. v. Culbertson,* 2 Ohio App.3d 478 [2 OBR 604, 442 N.E.2d 1313] (Cuyahoga Cty. 1981); *Dawson v. Udelsen,* 37 Ohio App.3d 141 [524 N.E.2d 525] (Cuyahoga Cty.1987)."

As none of the assignments of error is meritorious, the judgment is affirmed.

## V

■ In its first assignment of error, Norfolk argues that the trial court erred in granting Cerney's motion for relief from judgment. Norfolk maintains that the reinstatement of the case two years after judgment and six years after the accident violated controlling federal law.

■ Civ.R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

Generally, to prevail on a motion brought under Civ.R. 60(B), it must be demonstrated that:

(1) the party has a meritorious defense or claim to present if relief is granted,

(2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5),

(3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.

If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 405–406, 453 N.E.2d 648, 650–651. The question of whether relief should be granted is addressed to the sound discretion of the trial court. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1124. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Hopkins v. Quality Chevrolet, Inc.* (1992), 79 Ohio App.3d 578, 581, 607 N.E.2d 914, 916.

■ Civ.R. 60(B)(5) is a catchall provision that is not to be used as a substitute for Civ.R. 60(B)(1), (2) or (3), when it is too late to seek relief under those provisions. It is to be used only in extraordinary and unusual cases when the interests of justice warrant it. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 255, 316 N.E.2d 469, 476. Civ.R. 60(B)(5) reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. The court in *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 4 O.O.3d 482, 364 N.E.2d 284, quoted Justice Black in *Klapprott v. United States* (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, recognizing that the "other reason" clause made available all equitable grounds for relief from a final judgment:

" 'In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in the courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' " *Id.* at 346, 4 O.O.3d at 483, 364 N.E.2d at 285.

The court in *Steadley v. Montanya* (1981), 67 Ohio St.2d 297, 21 O.O.3d 187, 423 N.E.2d 851, upheld the vacation of a judgment even though it extended the time period for filing an appeal. The trial judge had orally promised the defendant an oral hearing prior to ruling on the motion for a new trial. The judgment was vacated in order to rectify the breach of the oral promise and was not a subterfuge to allow the defendant to circumvent the jurisdictional time for filing a notice of appeal. In *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1993), 67 Ohio St.3d 134, 616 N.E.2d 869, the court stated that a mistake as to a material fact by both parties requires that the parties be relieved of the judgment.

In the instant case, no one anticipated prior to the pretrial hearing that Cerney might file a notice of voluntary dismissal. Neither the trial court nor either party was aware of the effect such a dismissal would have on the case. The result of the dismissal was the end of the suit under *Burnett*. There was no intention on the part of Cerney to circumvent the statute of limitations. Although Cerney's attorney bears the ultimate responsibility for the decision to dismiss the case, it cannot be ignored that the initial suggestion to do so was made by the trial court for reasons that had to do with the court's docket rather than any issue in the case or because of the actions of the parties or attorneys. The trial court, which was involved in all the proceedings, granted the motion for relief in the interests of justice. It did not abuse its discretion in doing so.

Norfolk's first assignment of error lacks merit.

## VI

In its second assignment of error, Norfolk argues that the trial court erred in granting Cerney's motion for relief from judgment under Civ.R. 60(B)(5), as this provision cannot be used as a substitute for Civ.R. 60(B)(1). Norfolk maintains that the error by Cerney's attorney in dismissing the action constitutes neglect which should be imputed to Cerney for purposes of Civ.R. 60(B)(1). Cerney cannot circumvent the requirement that his Civ.R. 60(B)(1) motion be filed within one year by characterizing the motion as one falling within the provisions of Civ.R. 60(B)(5).

Civ.R. 60(B) attempts to strike a balance between the competing principles that litigation must be brought to an end and that justice should be done. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609. The rule is a remedial measure and should be liberally construed so as to advance those objectives. *Id.* Generally, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1). *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 15 OBR 505,

474 N.E.2d 328, syllabus. If the motion should be brought under one of the more specific provisions of Civ.R. 60(B), the catchall provision of Civ.R. 60(B)(5) cannot be used as a substitute. *Caruso–Ciresi*, 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. However, that requirement does not preclude the use of Civ.R. 60(B)(5) on the basis of operative facts different from and/or in addition to those contemplated by Civ.R. 60(B)(1). *Whitt v. Bennett* (1992), 82 Ohio App.3d 792, 797, 613 N.E.2d 667, 670. Matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5). *Id.*

In its ruling on Cerney's Civ.R. 60(B) motion, the trial court stated that a central reason for the voluntary dismissal was a mistake in judgment by Cerney's counsel and inadequate preparation by his original counsel. However, the parties, counsel and the trial court believed that Cerney's voluntary dismissal would allow the case to be refiled within one year. The trial court went on to state:

"Although inadequate preparation by original counsel was the underlying cause of the need to dismiss, the remaining decisions reflected a desire by plaintiff's counsel to be diligent. None of plaintiff's loss of his right to a trial stems from a judgment about the merits of his case. Rather, issues of court management and lawyer performance have caused him to suffer.

"It is not the purpose of the Rules of Superintendence to deny a party a hearing on the merits of his case. Only the most extreme or repeated lawyer misconduct should ordinarily justify a dismissal for procedural reasons that prevent a refiling and hearing on the merits. There is no question that plaintiff's voluntary dismissal was an act of procedure that was intended ultimately to secure a hearing on the merits, if necessary.

"Accordingly, since the only purpose of the Court in denying a continuance of the trial and bringing pressure on plaintiff's counsel to dismiss was to deny plaintiff priority on the Court's calendar, plaintiff has demonstrated a reason under Civil Rule 60(B)(5) to vacate the dismissal."

This is a case in which the operative facts leading to the dismissal are in addition to those contemplated by Civ.R. 60(B)(1). The "neglect" here was due in part to counsel following the suggestion of the court. The situation arose after the court pressured counsel into taking an unanticipated course of action. None of the parties involved expected that a dismissal would bring an end to the case. There was little time in which to discover the result of a dismissal in the time left before trial.

The trial court not only was familiar with the procedural history of the instant case, it was involved as well. The neglect which took place was not that which was contemplated by Civ.R. 60(B)(1). Rather, the situation which led to the

**494**

dismissal falls within the ambit of Civ.R. 60(B)(5). The trial court did not abuse its discretion in rectifying the dismissal in the interests of justice.

Norfolk's second assignment of error is overruled.

## VII

In its third assignment of error, Norfolk asserts that the trial court should not have granted Cerney's Civ.R. 60(B) motion as he failed to demonstrate that he had a meritorious claim. Cerney did not provide evidence to support his claim.

In his motion for relief from judgment, Cerney averred that he was injured as a result of Norfolk's negligence. Cerney then stated that he had set forth a meritorious claim in his original complaint. He pointed out that Norfolk had never claimed that he had failed to state a meritorious claim for relief.

Generally, this court requires a Civ.R. 60(B) movant to set forth operative facts by way of affidavit or other evidentiary material demonstrating that the movant has a meritorious defense or claim to present. *Bancroft v. Communicators, Inc.* (1986), 34 Ohio App.3d 165, 168, 517 N.E.2d 554, 557. This is not required by the Supreme Court of Ohio. For purposes of a Civ.R. 60(B), the movant's burden is to allege a meritorious claim. *Volodkevich v. Volodkevich* (1988), 35 Ohio St.3d 152, 518 N.E.2d 1208. Cerney has alleged a meritorious claim by stating that he was injured because of Norfolk's negligence. Under the facts and procedural occurrences of this case and primarily to further the interests of justice, Cerney's allegation will be regarded as sufficient.

Norfolk's third assignment of error is overruled.

## VIII

In its fourth assignment of error, Norfolk contends that the trial court erred in granting Cerney's Civ.R. 60(B)(5) motion, as the doctrine of *res judicata* prohibits repeated challenges to a judgment entry. Norfolk argues that the voluntary dismissal was a final order under federal law and that the dismissal with prejudice of the second complaint precluded Cerney from again challenging the judgment entry.

The doctrine of *res judicata* prevents the successive filings of motions from relief from judgment. *McCann v. Lakewood* (1994), 95 Ohio App.3d 226, 642 N.E.2d 48. *Res judicata* does not apply to a subsequent Civ.R. 60(B) motion when the subsequent motion is based on different facts or asserts different grounds for relief, or it is not certain the issue could have been raised in the prior motion. *Dawson v. Udelsen* (1987), 37 Ohio App.3d 141, 524 N.E.2d 525.

Cerney filed only one Civ.R. 60(B) motion. The issues raised in his response to Norfolk's motion to dismiss were not completely the same. A response to a motion by the opposing party hardly is similar to a party filing a motion. The cases cited by Norfolk all involve subsequent Civ.R. 60(B) motions. That is not what occurred in the instant case. *Res judicata* did not bar Cerney from filing a motion for relief from judgment.

Norfolk's fourth assignment of error is overruled.

The judgment in case No. 67649 is affirmed.

*Judgments affirmed.*

PATRICIA BLACKMON and NUGENT, JJ., concur.