OPINION
Appellant Charles McInnes, Executor for the Estate of Ella McInnes [hereinafter appellant], appeals the July 2, 2001, Judgment Entry of the Stark County Court of Common Pleas, which denied appellant's Motion to Vacate a Default Judgment. Appellee is Meadow Wind Health Care Center, Inc.
 STATEMENT OF THE FACTS AND CASE
Ella McInnes was admitted to the Meadow Winds Nursing Home on or about June of 1998. In January 1999, Ella McInnes sought Medicaid assistance to cover the cost of her residential nursing care. Medicaid assistance was denied because her resources exceeded the program eligibility limits. On February 18, 1999, plaintiff-appellee Meadow Wind Health Care Center, Inc. [hereinafter appellee] filed a Complaint against defendant Ella McInnes. Appellee sought to have Ella McInnes pay $26,888.00 for residential nursing home services provided to Ella McInnes by appellee.
A certified mail service return receipt showed that on February 20, 1999, Ella McInnes signed for a copy of appellee's Complaint sent to her by certified mail. Ella McInnes failed to plead or otherwise respond to the Complaint. Therefore, on April 1, 1999, appellee received a default judgment against Ella McInnes in the Stark County Court of Common Pleas. On April 2, 1999, Charles McInnes (Ella McInnes' son) moved Ella McInnes out of the nursing home and back to a residence she owned.
Appellee then took steps to collect on the default judgment. During this process, Ella McInnes was represented by counsel. On August 22, 2000, Ella McInnes died. Thereafter, Ella McInnes' son, Charles McInnes (appellant), was appointed Executor for the Estate of Ella McInnes.
On March 30, 2001, appellant, by and through counsel, filed a Motion to Vacate and for Leave to File an Answer. Appellant attached a copy of Ella McInnes' deposition and Charles McInnes' affidavit to the motion.
The trial court scheduled a hearing for May 11, 2001. On May 11, 2001, appellant's counsel made an oral motion to withdraw as counsel. A written motion followed on May 16, 2001. On May 25, 2001, the trial court sustained the motion to withdraw as counsel. The trial court continued the hearing to June 5, 2001, so that appellant could obtain new counsel.
On June 5, 2001, the trial court conducted a hearing on appellant's Motion to Vacate. Appellant appeared pro se.
On July 2, 2001, the trial court filed a Judgment Entry which overruled appellant's Motion to Vacate Judgment and for Leave to File an Answer. It is from that decision that appellant appeals, raising the following assignments of error:
 WHETHER THE TRIAL COURT ERRED IN OVERRULING APPELLANTS [SIC] MOTION TO VACATE JUDGMENT PURSUANT TO CIVIL RULE 60(B).
 WHETHER THE TRIAL COURT ERRED IN NOT ALLOWING STATEMENTS MADE BY ELLA McINNES TO BE ADMITTED THEREBY VIOLATING OHIO RULE OF EVIDENCE 804(B)(5).
 I
In the first assignment of error, appellant contends that the trial court erred when it overruled appellant's motion to vacate the default judgment, pursuant to Civ. R. 60(B). We disagree.
In the motion to vacate judgment, appellant argued that Ella McInnes was never properly served, that Ella McInnes was under duress during the pendency of the case, and that upholding the default judgment would create a severe injustice against Ella McInnes' estate. While not specified in the Motion, the trial court presumed that these arguments were based upon paragraphs (1), (3) and (5) of Civ. R. 60(B).[1]
On appeal, appellant only presents arguments pursuant to Civ. R. 60(B)(5). The arguments are based upon appellant's testimony at the Civ. R. 60(B) evidentiary hearing and Ella McInnes' deposition, which appellant attached to the Motion to Vacate. Appellant contends that relief is justified because of her condition at the time and how the Complaint was allegedly handled after receipt at the nursing home. Appellant asserts that Ella McInnes was an 83-year-old woman who needed daily assistance after suffering three strokes. In her deposition, Ella McInnes stated that while she opened all of her other mail she received at the Nursing Home, the unopened letter containing the Complaint had been placed in a box by someone at the nursing home. At her deposition, Ella McInnes claimed that "they never even showed me, wasn't even opened." Ella McInnes' Deposition, page 12. Ella McInnes claimed that this was the only letter that was found unopened. Id. At the hearing on the Motion to Vacate, Charles McInnes testified that on April 2, 1999, he found the unopened envelope containing the Complaint in a box in Ella McInnes' belongings. Appellant also points to the testimony of Elaine Brisbine, a friend and acquaintance of Ella McInnes. Brisbine testified at the hearing on the Motion to Vacate that she visited Ella McInnes at the nursing home and Ella McInnes appeared to be confused at times.
In GTE Automatic Electric Company, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, the Ohio Supreme Court established three prongs that must be met to prevail on a Motion to Vacate. The Ohio Supreme Court held that:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1)(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE, Syllabus by the court, paragraph two. The grounds stated in Civ.R. 60(B) are:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
Relief shall be granted only if all three prongs of the GTE test are satisfied. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
We review the trial court's decision under an abuse of discretion standard. GTE, supra, at 153. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is "unreasonable, arbitrary or unconscionable." See, e.g., Steiner v.Custer (1940), 137 Ohio St. 448.
In this case, the trial court denied appellant's Civ. R. 60(B)(5) motion to vacate because appellant made no demonstration of a meritorious defense. The trial court found that there was no dispute whether Ella McInnes received the services in question from the nursing home.
We find that the trial court did not abuse its discretion in denying appellant's motion. As stated previously, one of the things a movant must show is that he or she has a meritorious defense to present if relief is granted. We agree with the trial court that appellant has failed to show such a defense. At the hearing on the motion, appellant testified that he met with the Department of Human Services to find out why his mother (Ella McInnes) was denied Medicaid coverage. Appellant testified that after that meeting, "we realized that we just simply didn't have the private funds to continue to go to and stay at Meadow Wind in light of the fact that was $25,000 at that time plus $25,000 by the time I made my appearance at the Human Services Department." TR 18. In response to appellant's testimony, the trial court engaged appellant in the following exchange:
 Court: Let me understand there, Mr. McInnes. So the fact that your mother was there, that was agreeable to both of you at the time; correct? She was at Meadow Wind Health Care, then you authorized the facility to work toward obtaining Medicare [sic]; correct?
Mr. McInnes: Yes.
 The Court: Medicare [sic] rejected. You went down to Medicare, verified they objected and the reasons they had objected.
 Mr. McInnes: Which I felt was unclear. At the time I thought it was a bank account.
The Court: I understand. So what's next?
 Mr. McInnes: So at that point in time my mother and I realized that we didn't have the private assets, being denied Medicaid, to stay at Meadow Wind.
 And since her original reason for going in was just to rehabilitate to be able to return home, it was my understanding that it was always her desire to return home, we decided to do that and take her back to her house, which is 505 Grosvenor Drive in Massillon. And this was accomplished, like I said, previously on April 2nd of 1999 when we took her home.
Transcript of Proceedings, page 18-19.
From this testimony, it would appear that Ella McInnes was in the nursing home pursuant to her will and was incurring costs for services she was responsible for paying. We agree with the trial court that appellant failed to provide a meritorious defense to the claim that Ella McInnes owed appellee for fees incurred during her stay at the nursing home.
We find further that appellant has failed to show that he is entitled to relief under Civ. R. 60(B)(5) or that his motion was made within a reasonable time. Civil Rule 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64. It is not to be used as substitute for relief on other grounds when it is too late to seek relief on such grounds.Cerney v. Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482. This catch-all provision is to be used in the extraordinary and unusual case when the interest of justice warrants it. Id. The grounds for invoking this provision should be substantial. Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64.
While appellant attempts to classify his claim under Civ. R. 60(B)(5), we find his arguments fit more appropriately under Civ. R. 60(B)(1) or (3).[2] Appellant is essentially arguing that Ella McInnes' actions were a mistake or excusable neglect due to her age, health (Civ. R. 60(B)(1)) and/or a result of, one of appellee's nursing home workers who allegedly placed the unopened letter in a box Civ. R. 60(B)(3).
Motions under Civ. R. 60(B)(1) and (3) must be filed within one year after the judgment. Appellant did not file the motion within one year after judgment. Therefore, the motion was untimely.
Further, even under Civ. R. 60(B)(5), a motion must be filed within a reasonable time. Appellant became aware of the unanswered Complaint on April 2, 1999. On August 5, 1999, Ella McInnes, represented by counsel and accompanied by appellant, was deposed regarding her receipt of service of the Complaint. However, the Motion to Vacate was not filed until March 30, 2001. We find that appellant's Motion to Vacate was not filed within a reasonable time.
The first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court erred when it did not permit appellant to testify about statements made by Ella McInnes before she died. Appellant contends that the statements were admissible pursuant to Evid. R. 804(B)(5). We disagree.
The admission or exclusion of evidence rests with the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. To find an abuse of that discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant concedes that the statements sought to be introduced were hearsay.[3] Hearsay is not admissible unless otherwise provided by law. Evid. R. 802. Appellant argues that the statements were admissible under the exception to hearsay set forth in Evid. R. 804(B)(5). Evidence Rule 804(B)(5) states the following, in pertinent part:
(B) Hearsay exceptions
 The hearsay rule does not exclude the following if the declarant is unavailable as a witness:
. . .
 (5) Statements by a deceased . . . person. The statement was made by a decedent . . ., where all of the following apply:
 (a) the estate or personal representative of the decedent's estate . . . is a party;
(b) the statement was made before the death . . .;
 (c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent. . . .
All three requirements of Evid. R. 804(B)(5) must be met in order for the hearsay to be admissible.
At the hearing on the motion to vacate, appellant attempted to testify to what his deceased mother, Ella McInnes, said to him concerning why she had not responded to the Complaint. The decedent's executor was a party to the action and the statement was allegedly made before Ella McInnes died. Therefore, the requirements of Evid. R. 804(B)(5)(a) and (b) were met. The remaining question is whether the requirement of Evid. R. (B)(5)(c) was met. That is, was the statement offered to rebut testimony by an adverse party on a matter within the decedent's knowledge.
We find that the testimony was not admissible under the 804(B)(5) exception to hearsay. In the case sub judice, the testimony was not presented to rebut testimony. Appellant attempted to introduce this testimony during his case-in-chief, before there was any testimony by an adverse party to rebut.
Appellant cites this court to Bobko v. Sagen (1989), 61 Ohio App.3d 397, and Modica v. Keith (February 28, 1985), Cuyahoga App. No. 48649, unreported, 1985 WL 6630, for the proposition that Evid. R. 804(B)(5)(c) does not prohibit the use of a decedent's hearsay statements in the party's case-in-chief. However, in both of the cases cited by appellant, the statements of the decedent were introduced after an adverse party had testified as if on cross examination. Therefore, though the decedent's testimony was presented in the party's case-in-chief, it was presented to rebut the adverse testimony previously presented by an adverse party. In this case, at the point that appellant attempted to introduce the statements in question, there had been no testimony by any adverse party.
We find that, in the case sub judice, the decedent's hearsay statements were not admissible under Evid. R. 804(B)(5). The trial court did not abuse its discretion when it did not allow appellant to testify to the hearsay statements made by the decedent.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By EDWARDS, J. FARMER, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
[1] (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. Civ. R. 60(B), in pertinent part.
[2] On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. Civ. R. 60(B), in relevant part.
[3] Evidence Rule 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."