OPINION
{¶ 1} Plaintiffs-appellants, A.S. and R.N., appeal a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Fairfield School District, Superintendent Robert Farrell, President Anne Crone, Vice President Vicki Barger, board members Kay Crain, Maurice Godsey, and Mike Oler, Principal Monica Mitter, former Principal Ed Cook, and former Superintendent Dr. Charles Wiedenamann.
 {¶ 2} In February 2002, A.S., R.N., and another student filed a complaint against appellees and defendant Brian Schweikert alleging sexual assault, failure to report sexual abuse in violation of R.C.2151.421, negligence, intentional infliction of emotional distress, failure to protect, and respondeat superior. The complaint stemmed from a continuing course of conduct that lasted for seven years during which Schweikert engaged in sexual conduct with A.S., R.N., and the third student which included fondling, digital penetration, and intercourse. At the time of the offenses, Schweikert was a music teacher at Fairfield High School. The three victims were his students.
 {¶ 3} Specifically, Schweikert engaged in sexual conduct with A.S. during her 1994-1995 senior year, with R.N. from March 1996 to early 1998, and with the third student from the fall of 1998 to May 2001. Apparently, Schweikert had a pattern of maintaining a relationship with one student until she graduated, and then initiating a new relationship with another student in his class. Schweikert was convicted of sexual battery and attempted gross sexual imposition.
 {¶ 4} A.S. turned 18 in July 1995. R.N. turned 18 in October 1996. The third student turned 18 in March 2001. The parties agree that the two-year statute of limitations set forth in R.C. 2305.10 applies to the case at bar. Based on the foregoing, appellees moved for summary judgment on the sole ground that the complaint was untimely filed and time-barred under R.C. 2305.10. Appellees argued that appellants should have filed their complaint within two years of turning 18.
 {¶ 5} In their memorandum in opposition to summary judgment, appellants argue, inter alia, that appellees are estopped from asserting a statute of limitations defense. Appellants argue that appellees' failure to take any action against Schweikert, combined with Schweikert's alleged comments to the victims that no one would believe them and that he would get away with his illegal conduct, caused them to delay filing their complaint against appellees. On March 11, 2003, the trial court granted summary judgment in favor of appellees. Finding that the doctrine of equitable estoppel did not apply, the trial court concluded that the claims filed by appellants were not timely filed. This appeal follows in which appellants raise two assignments of error.
 {¶ 6} In their first assignment of error, appellants argue that the trial court erred by granting summary judgment in favor of appellees on the ground that equitable estoppel did not apply. Appellants argue that appellees are estopped from asserting a statute of limitations defense because appellees' failure to take any action against Schweikert, combined with Schweikert's alleged comments to the victims that no one would believe them, were factual misrepresentations which caused them to delay filing their claims against appellees.
 {¶ 7} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. An appellate court's standard of review on appeal from a summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 295.
 {¶ 8} The doctrine of equitable estoppel may be employed to prevent a defendant from asserting an otherwise valid right. Livingston v.Diocese of Cleveland (1998), 126 Ohio App.3d 299, 314. In order to establish equitable estoppel, a plaintiff must prove (1) that the defendant made a factual misrepresentation, (2) that it is misleading, (3) that the misrepresentation induced actual reliance which is reasonable and in good faith, and (4) that the reliance caused detriment to the relying party. Id. at 315. In addition, in the context of a statute of limitations defense, the plaintiff must show either "an affirmative statement that the statutory period to bring an action was larger than it actually was," "promises to make a better settlement of the claim if plaintiff did not bring the threatened suit," or "similar representations or conduct" on the defendant's part. Id. citing Cerneyv. Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482.
 {¶ 9} In response to appellants' complaint, appellees moved for summary judgment, specifically raising as their sole issue the statute of limitations. Appellees' motion for summary judgment did not address the validity of appellants' claims. The burden of going forward with evidence then shifted to appellants, who were required "to produce evidence on any issue [identified in the motion] for which that party bears the burden of production at trial." Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus; Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 10} While the evidentiary materials submitted by appellants indicate that Schweikert made the alleged comments to R.N. during their relationship, and that no action was taken against Schweikert during his relationships with the victims, they fail to demonstrate that after appellants both turned 18, appellees engaged in any misrepresentations or conduct aimed at misleading appellants with regard to the filing of their claims, or which precluded them from filing their claims within the applicable statute of limitations.
 {¶ 11} Both victims knew they had been sexually abused; both victims knew the perpetrator. While it may have taken them a while to realize the full extent of their injuries, nothing in the record shows that they were prevented from bringing their claims within the statute of limitations. As a result, we find that the trial court did not err by granting summary judgment in favor of appellees on the ground that equitable estoppel did not apply. The first assignment of error is overruled.
 {¶ 12} In their second assignment of error, appellants argue that the trial court erred by granting summary judgment in favor of appellees because there is a genuine issue of material fact as to whether Schweikert's manipulation and control of the victims tolled the statute of limitations. Appellants contend that Schweikert manipulated and controlled them to such an extent that they were psychologically unable to come forward during the statute of limitations period. Appellants are essentially asking this court to toll the statute of limitations under an extension of the "discovery rule."[1]
 {¶ 13} In Doe v. First United Methodist Church, 68 Ohio St.3d 531,1994-Ohio-531, the Ohio Supreme Court held that a minor who is the victim of sexual abuse has one year from turning 18 to assert any claim against the perpetrator arising from the sexual abuse where the victim knows the identity of the perpetrator and is fully aware that a battery occurred. Id. at 539. Noting that the discovery rule had been applied in other jurisdictions to toll the statute of limitations for claims of childhood sex abuse involving repressed memory or psychological disability that precluded the victim from asserting the claim during the applicable statute of limitations period, the supreme court nevertheless declined to apply the rule. Id. at 540. The supreme court found that the case did not involve the sexual abuse of a child of tender age, incest, or repressed memory or psychological disability. Id. at 541.
 {¶ 14} In Ault v. Jasko, 70 Ohio St.3d 114, 1994-Ohio-376, the supreme court held that the discovery rule applies in Ohio to toll the statute of limitations where the victim of childhood sexual abuse represses memories of that abuse until a later time. Id. at paragraph one of the syllabus.
 {¶ 15} Appellants concede that this is not a case of repressed memory. Rather, they appear to argue that Schweikert's manipulation and control over them amounted to a psychological disability. The evidentiary materials submitted by appellants, however, fail to support their claim they were manipulated and controlled by Schweikert or their claim of psychological injuries. A general claim of disability, absent specific details, will not toll an applicable statute of limitations. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 490. In addition, in light of Doe andAult, we are not persuaded to extend the discovery rule to the case at bar. Horn v. Reese (Oct. 11, 1995), Hamilton App. No. C-940934.
 {¶ 16} We therefore find that R.C. 2305.10, the applicable statute of limitations, is not tolled by the discovery rule. It is undisputed that the claims filed by appellants were untimely filed and thus are time-barred under R.C. 2305.10. It follows that the trial court did not err by granting summary judgment in favor of appellees on that ground. The second assignment of error is overruled.
 {¶ 17} Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.
[1] Black's Law Dictionary defines the "discovery rule" as "[t]he rule that a limitations period does not begin to run until the plaintiff discovers (or reasonably should have discovered) the injury giving rise to the claim." Black's Law Dictionary (7th Ed. 1999) 478.