OPINION
{¶ 1} Plaintiff-Appellant, First Resolution Investment Corporation, appeals the decision of the Mansfield Municipal Court to grant Defendant-Appellee, Steven J. Coffey's Motion for Relief from Judgment.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On May 12, 2005, Appellant filed a complaint alleging Appellee failed to pay on a debt which originated from a credit card account with Providian Bank. The complaint was served upon Appellee by certified mail on May 17, 2005. On June 30, 2005, Appellant filed a Motion for Default Judgment for Appellee's failure to file an answer. The trial court granted the default motion on July 14, 2005.
 {¶ 3} Appellant began garnishing Appellee's wages on August 29, 2005. Appellee requested a hearing to challenge the garnishment. The trial court held two garnishment hearings on August 22, 2005 and April 4, 2006, at which the trial court upheld the garnishment.
 {¶ 4} On November 27, 2006, Appellee filed a Motion for Relief from Judgment. In his motion, Appellee alleged that he lacked legal training and did not understand the meaning of the complaint filed against him. He also stated that he was unable to secure counsel until November 24, 2006. Appellee also raised two meritorious defenses. He first alleged that Appellant was not registered with the Ohio Secretary of State and therefore could not maintain a lawsuit in the State of Ohio. He also stated that Appellant failed to attach a copy of the signed credit card agreement and as such, the complaint should be dismissed for its failure to comply with Civ.R. 10. *Page 3 
 {¶ 5} Appellant filed a response to the motion. On December 18, 2006, the trial court granted Appellee's Motion for Relief from Judgment. The trial court did not conduct an evidentiary hearing before ruling. It is from this from this judgment Appellant now appeals.
 {¶ 6} Appellant raises two Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE MOTION FOR RELIEF FROM JUDGMENT OF DEFENDANT-APPELLEE, STEVEN J. COFFEY WHERE SAID MOTION FAILED TO PROVIDE ANY EVIDENCE TO SUPPORT GROUNDS FOR RELIEF UNDER CIVIL RULE 60(B) AND SAID MOTION WAS NOT MADE WITHIN A REASONABLE TIME OR WITHIN ONE YEAR AFTER THE DATE OF THE JUDGMENT.
 {¶ 8} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE MOTION FOR RELIEF FROM JUDGMENT OF STEVEN J. COFFEY CIV.R. 60(B) WHERE DEFENDANT-APPELLEE HAD NO MERITORIOUS DEFENSES TO THE UNDERLYING CLAIM, AND NO HEARING WAS CONDUCTED BY THE TRIAL COURT."
 I. {¶ 9} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} Civ.R. 60(B) states in pertinent part, *Page 4 
 {¶ 11} On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken. * * *."
 {¶ 12} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show, (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed. GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 13} Appellant argues the trial court abused its discretion when it granted Appellee's Motion for Relief from Judgment when the motion was not filed within a reasonable time and not within one year from the date of judgment. We agree. *Page 5 
 {¶ 14} Upon review of Appellee's arguments for relief, we find that while Appellee classifies his claim under Civ.R. 60(B)(5), we find his arguments fit more appropriately under Civ.R. 60(B)(1). Civil Rule 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Meadow Wind Health Care Center, Inc. v. McInnes, Stark App. No. 2001CA00230, 2002-Ohio-1000, citing Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365. It is not to be used as substitute for relief on other grounds when it is too late to seek relief on such grounds. Cerney v. Norfolk W. Ry. Co. (1995),104 Ohio App.3d 482, 662 N.E.2d 827. This catch-all provision is to be used in the extraordinary and unusual case when the interest of justice warrants it. Id. The grounds for invoking this provision should be substantial.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365.
 {¶ 15} Appellee argued in his motion for relief that his failure to answer the complaint was because of his lack of legal training and his failure to understand the meaning of the complaint filed against him. We find that his explanations are essentially claims of excusable neglect or mistake under Civ.R. 60(B)(1). Motions filed under Civ.R. 60(B)(1) must be filed within one year after judgment. Appellant filed his motion for relief one year and four months after judgment.
 {¶ 16} Further, we find Appellee had been participating in the lawsuit after the trial court granted default judgment when Appellee requested two garnishment hearings. We find Appellee's argument regarding his lack of legal training not well-taken. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must *Page 6 
accept the results of their own mistakes and errors." Meyers v. FirstNtl. Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210. As such, we find that Appellee's Motion for Relief from Judgment to be untimely.
 {¶ 17} Appellee's failure to establish one of the three requirements of the GTE test should cause the motion to be overruled. We find the trial court abused its discretion when it granted Appellee's Motion for Relief from Judgment. Appellant's first Assignment of Error is sustained.
 {¶ 18} Based upon our ruling on Appellant's first Assignment of Error, we find it unnecessary to reach Appellant's second Assignment of Error.
 {¶ 19} The judgment of the Mansfield Municipal Court is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision and judgment entry.
Delaney, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is reversed and remanded. Costs assessed to appellee. *Page 1