JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Maurice Conway (Conway) appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment. Finding no merit to this appeal, we affirm.
 {¶ 2} On May 14, 2001, Conway filed a notice of appeal and a complaint with the trial court, case number CV-438886, appealing the Industrial Commission's *Page 3 
disallowance of his workers' compensation claim arising from an alleged injury sustained while on the job. Conway's appeal and complaint named Ohio Bureau of Workers' Compensation (BWC) Administrator James Conrad and RPM, Inc., Conway's employer, as defendants. The Euclid Chemical Company (Euclid Chemical) filed an answer and indicated that RPM, Inc. is improperly named in Conway's complaint and that Euclid Chemical is the correct name. On May 1, 2002, the trial court dismissed the case for want of prosecution pursuant to Civ.R. 41(B)(1) when Conway failed to appear for trial.
 {¶ 3} On March 31, 2003, Conway refiled his notice of appeal and complaint, case number CV-497919. On February 24, 2004, the parties signed a stipulation for voluntary dismissal pursuant to Civ.R. 41(A)(1)(b).
 {¶ 4} On February 23, 2005, Conway refiled his notice of appeal and complaint, case number CV-555520. On March 15, 2006, Euclid Chemical filed a motion for summary judgment. On April 4, 2006, the trial court granted Euclid Chemical's motion for summary judgment. On April 12, 2006, Conway appealed the trial court's summary judgment ruling.Conway v. RPM, Inc., Cuyahoga App. No. 88024, 2007-Ohio-1007; discretionary appeal not allowed by Conway v. RPM, Inc., 2007-Ohio-4285, 2007 Ohio LEXIS 2038 ("Conway I").
 {¶ 5} However, on May 25, 2006, Conway filed a motion for relief from judgment in the second case, namely CV-03-497919, also denied by the trial court. *Page 4 
 {¶ 6} On June 20, 2007, Conway filed the instant appeal and asserted two assignments of error for our review. In the interest of judicial economy, Conway's two assignments of error will be reviewed together.
FIRST ASSIGNMENT OF ERROR "The trial court erred by not granting plaintiff-appellants [sic] motion for relief from judgment and request for oral hearing because plaintiff-appellant has been denid [sic] a trial on the merits and because defendant-appellee committed a fraud upon the court."
SECOND ASSIGNMENT OF ERROR "The trail [sic] court erred by not conducting an evidentiary hearing because plaintiff-appellant presented allegations of operative facts that would warrant relief under Civil Rule 60(B)."
 {¶ 7} Conway argues that the trial court erred when it denied his motion for relief from judgment because he was denied a trial on the merits and Euclid Chemical committed fraud upon the court. Conway also argues that the trial court erred by failing to conduct a hearing on his Civ.R. 60(B) motion for relief from judgment.
 {¶ 8} We review Civ.R. 60(B) motions for relief from judgment upon an abuse of discretion standard. Jones v. Gayhart, Montgomery App. No. 21838, 2007-Ohio-3584. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 5 
 {¶ 9} Civ.R. 60(B) allows a court to grant relief from a final judgment, order, or proceeding for the following reasons:
 "(1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *;
 (3) fraud * * *, misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from judgment."
 {¶ 10} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 150. If any of these requirements are not met, the trial court must overrule the Civ.R. 60(B) motion. Jones; Rose Chevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17. *Page 6 
 {¶ 11} Prior to applying GTE to the case sub judice, procedural matters must be resolved. Civ.R. 60(B) allows courts to grant motions for relief from final judgment. "[A] dismissal without prejudice means the action should be treated as though it had never been commenced, it makes no difference whether the dismissal occurred voluntarily or involuntary-the net effect is the same." Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825, 1998 Ohio App. LEXIS 2402. Thus, the holding in Hensley v. Henry (1980), 61 Ohio St.2d 277, is applicable to the case sub judice:
 "Unless plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41 (A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B)." Hensley at syllabus.
 {¶ 12} Here, it is clear that Conway's Civ.R. 41(A)(1)(b) notice of voluntary dismissal did not operate as an adjudication upon the merits because Conway thereafter refiled the matter and litigated the matter through final summary judgment, affirmed in Conway I. Thus, Conway's Civ.R. 41(A)(1)(b) notice of voluntary dismissal is not a final appealable order because it did not determine the action on the merits. See Hensley; Frysinger v. Leech (1987), 32 Ohio St.3d 38.
 {¶ 13} Conway cites to Cerney v. Norfolk Western Railway Co., Cuyahoga App. Nos. 67010 and 67649, 104 Ohio App.3d 482, in support of his contention that the trial court erred in denying his motion for relief from judgment. However, in *Page 7 Cerney, plaintiff did not seek relief from his voluntary dismissal without prejudice, but rather, he sought relief from the trial court's dismissal of the refiled case. Here, Conway seeks relief from his voluntary dismissal without prejudice and, therefore, theCerney case is wholly inapplicable here.
 {¶ 14} Thus, Conway's Civ.R. 60(B) motion for relief from judgment did not seek relief from a final judgment, order or proceeding because his Civ.R. 41 (A)(1)(b) stipulated voluntary dismissal from which he seeks relief was not an adjudication on the merits.
 {¶ 15} Conway's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR. *Page 1